1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   THE ESTATE OF KEVIN BROWN by              Case No.:  15-cv-1583-DMS (WVG)
     its successor in interest Rebecca Brown,
12   and REBECCA BROWN, an individual,

13                              Plaintiffs,

14   v.

15   MICHAEL LAMBERT, an individual,
16   MAURA MEKENAS-PARGA, an
     individual,
17
                               Defendants.
18

19
20
21                          **JURY INSTRUCTIONS**

22
23
     Dated:  February 11, 2020
24
                                          Hon. Dana M. Sabraw
25                                        United States District Judge
26
27
28

INSTRUCTION NO.____*1*____

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

INSTRUCTION NO. 2

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. _3_____

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence; and

3.    any facts to which the lawyers have agreed.

INSTRUCTION NO. ___4___

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other

purpose.

(4)    Anything you may see or hear when the court was not in session is not

evidence. You are to decide the case solely on the evidence received at

the trial.

INSTRUCTION NO.___5___

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. _6_

## PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

You may consider the ability of each party to provide evidence.  If a party

provided weaker evidence when it could have provided stronger evidence, you may

distrust the weaker evidence.

INSTRUCTION NO. ___7___

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider

these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

2

INSTRUCTION NO. _8_

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

INSTRUCTION NO.___9___

## EXPERT OPINION

You have heard testimony from witnesses who testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. _10_

BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. _11_

## CLAIMS AND DEFENSES

Plaintiffs Estate of Kevin Brown and Rebecca Brown assert that Defendants Michael Lambert and Maura Mekenas-Parga violated their rights under the Fourth Amendment to the United States Constitution. Plaintiffs assert three claims for relief against Defendants for violation of their Fourth Amendment rights, as follows: (1) first claim for relief, execution of a search warrant obtained through judicial deception, (2) second claim for relief, execution of an overly broad search warrant, specifically Paragraph 5 of the warrant which allowed for seizure of "address books, diaries/journal, handwritten in nature" from Plaintiffs' home, and (3) third claim for relief, seizure of property beyond the scope of the search warrant. The first and second claims for relief are alleged against Defendant Lambert only, while the third claim for relief is alleged against both Defendants Lambert and Mekenas-Parga. It has already been established that Plaintiffs' Fourth Amendment rights were violated by Defendants with respect to the second and third claims for relief, thus leaving for the jury to determine only causation and damages, if any, as to those two claims.

Plaintiff Rebecca Brown also alleges that Defendant Lambert violated her rights under the Fourteenth Amendment to the United States Constitution to the society and companionship of Kevin Brown.

Plaintiffs have the burden of proving these claims. Defendants deny Plaintiffs' claims, including causation and damages. Defendants also contend that Plaintiffs failed to mitigate their damages, if any. Defendants have the burden of proving failure to mitigate damages.

INSTRUCTION NO. *12*

### SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiffs bring their claims under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

INSTRUCTION NO. *13*

### SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claim against Defendants Lambert and Mekenas-Parga, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  Michael Lambert and/or Maura Mekenas-Parga acted under color of state law; and

2.  Michael Lambert and/or Maura Mekenas-Parga's acts deprived the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Defendants acted under color of state law.

If you find Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under Jury Instruction Numbers 14 and 15, your verdict should be for Plaintiffs.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Defendants.

INSTRUCTION NO. 14

## PARTICULAR RIGHTS—FOURTH AMENDMENT—
## UNREASONABLE SEARCH—JUDICIAL DECEPTION

As previously explained, Plaintiffs have the burden of proving that the acts of Defendant Lambert deprived Plaintiffs of particular rights under the United States Constitution. In this case, Plaintiffs allege Defendant Lambert deprived Plaintiffs of their rights under the Fourth Amendment to the Constitution when he intentionally or in reckless disregard of the truth made one or more material misrepresentations or omissions in a search warrant affidavit submitted to a judge.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his residence. In general, a search of a residence is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. A search warrant is a written order signed by a judge that permits a law enforcement officer to search a particular location and seize specific items. To obtain a search warrant, a law enforcement officer must show probable cause that a crime has been committed and that items related to that crime are likely to be found in the place specified in the warrant. In deciding whether to issue a search warrant, a judge generally relies on the facts stated in a warrant affidavit signed by a law enforcement officer.

In order to prove Defendant Lambert deprived Plaintiffs of this Fourth Amendment right, Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. Defendant Lambert submitted to a judge a warrant affidavit that contained one or more misrepresentations or omissions material to the finding of probable cause; and

2. Defendant Lambert made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

To show materiality in the context of this claim, Plaintiffs must demonstrate that the judge would not have issued the warrant if the false information had been excluded (or redacted) or if the omitted or missing information had been included (or restored).

In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established, when that danger is either known to Defendant or is so obvious that Defendant must have been aware of it.

Probable cause exists when, under all of the circumstances known to the officer at the time the search warrant was requested of the judge, an objectively reasonable police officer would conclude there is a fair probability that the targeted person

committed the crime in question and that items related to the crime are likely to be found in the place specified in the warrant.

INSTRUCTION NO. 15

## DEPRIVATION OF FAMILIAL RELATIONS

Plaintiff Rebecca Brown contends Defendant Lambert deprived her or her Fourteenth Amendment right to the care, society, and companionship of her husband, decedent Kevin Brown. A police official violates a person's substantive due process rights under the Fourteenth Amendment when he engages in conduct that shows "deliberate indifference."

In order to provide Defendant Lambert deprived Plaintiff Rebecca Brown of her Fourteenth Amendment right, she must prove by a preponderance of the evidence that Defendant Lambert acted with "deliberate indifference."

Deliberate indifference is the conscious or reckless disregard of the consequence of one's acts or omissions. It entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.

INSTRUCTION NO. 16

## CAUSATION

To establish whether any violation of Plaintiffs' constitutional rights attributed to Defendants caused any injury, damage, loss, or harm to any Plaintiff, the Plaintiff must prove by a preponderance of the evidence that the violation(s) was/were a substantial factor in causing that Plaintiff injury, damage, loss, or harm.

A substantial factor in causing injury, damage, loss, or harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

INSTRUCTION NO. 17

## CAUSATION: MULTIPLE CAUSES

One factor may combine with another factor or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury, damage, loss or harm. In such a case, each may be a substantial factor in causing injury, damage, loss, or harm.

If you find that Defendant Lambert's violation(s) of Plaintiffs' constitutional rights was/were a substantial factor in causing Plaintiffs' harm, then Defendant Lambert cannot avoid responsibility because some other person, condition, or event was also a substantial factor in causing Plaintiffs' harm.

If you find that Defendant Mekenas-Parga's violation of Plaintiffs' Fourth Amendment rights was a substantial factor in causing Plaintiffs' harm, then Defendant Mekenas-Parga cannot avoid responsibility because some other person, condition, or event was also a substantial factor in causing Plaintiffs' harm.

INSTRUCTION NO. 18

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the Plaintiffs on any of their claims, you must determine the plaintiff's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury, damage, loss, or harm you find was caused by any of the Defendants. Damages fall into two categories called economic and noneconomic damages, which are set out in Jury Instruction No. 19.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon the evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 19

## MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

1.    Noneconomic damages, including the loss of enjoyment of life experienced, if any;

the emotional pain and suffering experienced by Kevin Brown or Rebecca Brown, if any; and

Rebecca Brown's loss of intimate familial relations, if any.

2.    Economic damages, including the reasonable value of wages and earnings lost up to the present time.

INSTRUCTION NO. 20

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for a Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

INSTRUCTION NO. 21

Plaintiffs are not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated. In other words, violation of a constitutional right, in and of itself, does not entitle Plaintiffs to an award of damages. Your award, if any, should be based upon proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.

INSTRUCTION NO. _22_

Your award may not include any compensation for attorney's fees or legal costs

related to this civil proceeding.

INSTRUCTION NO. *23*

## DAMAGES—MITIGATION

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.    that Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

INSTRUCTION NO. 24

## PUNITIVE DAMAGES

If you find for a Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant Lambert's conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendant acts in the face of a perceived risk that his actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if Defendant injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Plaintiff.

The amount of punitive damages, if any, will be decided later.

INSTRUCTION NO. **25**

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. _____26_____

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. _27_

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.