UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KEVIN BROWN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL LAMBERT, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No.:  15-CV-1583-DMS-WVG<br><br>**ORDER ON JOINT MOTION FOR ADDENDUM REGARDING ORDER ON MOTION FOR PROTECTIVE ORDER** |

　　　　On July 15, 2020, the Parties filed a Joint Motion for Addendum Regarding Order on Motion for Protective Order. (Doc. No. 257.) In relevant part, the Parties seek to expand the scope of the operative August 5, 2016 Protective Order (Doc. No. 37) to preserve the confidentiality of certain insurance documents to be produced by Defendants via third-party entity, AmTrust/ Wesco, pursuant to the Court's July 2, 2020 Order (Doc. No. 255). Having reviewed and considered the Parties' moving papers, the Court hereby GRANTS the Parties' Joint Motion in entirety, noting that the Parties remain bound at all times by the relevant terms set forth in the operative Protective Order (Doc. No. 37). In doing so, the Court makes enforceable upon issuance of this Order the following language as lodged with Chambers in the Parties' proposed order:

Pursuant to the parties' Joint Motion to Amend the Protective Order (ECF No. 37), the parties agree to the following Addendum to the Protective Order. This Addendum is intended to supplement the Protective Order in order to facilitate discovery relating to certain documents and records that are in the custody, possession and control of AmTrust/Wesco.

On July 2, 2020, the Court ordered Defendants to produce the AmTrust/Wesco reinsurance agreement between CSAC-EIA and AmTrust/Wesco in effect in 2014-2015 ("Reinsurance Agreement"). (ECF No. 255.) The parties have agreed to be bound by the terms of this Addendum to Protective Order ("Addendum") in relation to Defendants' production of the Reinsurance Agreement to Plaintiffs' counsel in this action. The purpose of this Order is to protect the confidentiality of the Reinsurance Agreement as much as practical during the litigation.

IT IS THEREFORE STIPULATED AND AGREED by and between counsel for the parties, as follows:

1. For purposes of this Addendum, the term "confidential information" or "materials" will mean and include the Reinsurance Agreement.

2. The term "counsel" will mean counsel of record and outside counsel for the parties in this action, and other attorneys, paralegals secretaries, and other support staff employed in the law firms representing the parties in this action. The law firms and counsel representing the parties in this action are: Office of the San Diego City Attorney/ Erin Kilcoyne and Catherine Richardson; Iredale & Yoo/Eugene Iredale, Julia Yoo, and Grace Jun.

3. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party or a non-party, including but not limited to trade secret or other confidential research, development, financial or other commercial information. The parties to this action agree that the Reinsurance Agreement shall be

designated as "CONFIDENTIAL – FOR COUNSEL ONLY."

4.     All confidential information designated as "CONFIDENTIAL FOR COUNSEL ONLY" pursuant to this Addendum must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.     All confidential material which has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY," may be shown to AmTrust/Wesco, or counsel for AmTrust/Wesco.

6.     All confidential material which has been designated as "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 2.

7.     Before any materials, which are designated as "CONFIDENTIAL -FOR COUNSEL ONLY," are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

8.     All confidential material designated "CONFIDENTIAL – FOR COUNSEL ONLY," must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving the confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Addendum, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

9. No party will be responsible to another party for disclosure of confidential information under this Addendum if the information in question is not labeled or otherwise identified as such in accordance with this Order.

10. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Addendum, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

11. Nothing in this Addendum will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "CONFIDENTIAL – FOR COUNSEL ONLY," provided that the contents of the information must not be disclosed.

12. Nothing in this Addendum will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

13. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Addendum

1  with respect to all such retained information.  Further, attorney work product materials
2  that contain confidential information need not be destroyed, but, if they are not destroyed,
3  the person in possession of the attorney work product will continue to be bound by this
4  Addendum with respect to all such retained information.

5      14.    The restrictions and obligations within this Addendum will not be deemed to
6  prohibit discussions of any confidential information with anyone if that person already
7  has or obtains legitimate possession of that information.

8      15.    Transmission by email or some other currently utilized method of
9  transmission is acceptable for all notification purposes within this Addendum.

10      16.    This Addendum may be modified by agreement of the parties, subject to
11  approval by the Court.

12      17.    The Court may modify the terms and conditions of this Addendum for good
13  cause, or in the interest of justice, or on its own order at any time in these proceedings.
14  The parties prefer that the Court provide them with notice of the Court's intent to modify
15  the Addendum and the content of those modifications, prior to entry of such an order.

16  **IT IS SO ORDERED.**

17  Dated: July 16, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge